# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| JOAN D., | * |
|     Plaintiff, | * |
| v. | *     Civil No. TMD 18-687 |
| NANCY A. BERRYHILL,<br>**Acting Commissioner of Social Security,** | * |
|     Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Joan D. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On February 7, 2017, Administrative Law Judge ("ALJ") Michael A. Krasnow held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 28-49. The ALJ thereafter found on April 12, 2017, that Plaintiff was not disabled from the alleged onset date of disability of June 17, 2014, through the date last insured of December 31, 2016. R. at 12-27. In so finding, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. [Plaintiff] could frequently overhead reach with the bilateral upper extremities. [Plaintiff] could frequently handle with the bilateral upper extremities. [Plaintiff] must have avoided concentrated exposure to extreme cold, extreme heat, humidity, vibration, hazards, and fumes, odors, dusts, and gases.

R. at 18. In light of this RFC and the VE's testimony, the ALJ determined that Plaintiff could perform her past relevant work as an office manager. R at 22-23. The ALJ thus found that Plaintiff was not disabled from June 17, 2014, through the date last insured of December 31, 2016. R. at 23.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on March 8, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-10, ECF No. 15-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 6. In particular, she contends that the ALJ failed to include any limitation in the RFC assessment related to her bilateral knee osteoarthritis, which the ALJ found to be severe (R. at 17). *Id.* at 6-7. Plaintiff further asserts that the ALJ failed to explain his determination that she had no limitation in her ability to perform fine manipulation and that she was capable of frequently handling objects. *Id.* at 7-9. Plaintiff then maintains that the ALJ failed to consider properly the combination of her impairments. *Id.* at 9-10. She finally argues that the ALJ erroneously evaluated her subjective complaints. *Id.* at 10-12. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

> discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff argues that the ALJ failed to consider properly the combination of her impairments. Pl.'s Mem. Supp. Mot. Summ. J. 9-10, ECF No. 15-1. An ALJ must adequately explain his evaluation of the combined effects of a claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). The ALJ here found that, through the date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the

8

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. at 17-18. Contrary to Plaintiff's assertion, the ALJ thus expressly considered her impairments in combination. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 99-100 (4th Cir. 2015) (per curiam); *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 866 (4th Cir. 2014); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (per curiam).

Plaintiff also asserts that the ALJ failed to explain his determination that she had no limitation in her ability to perform fine manipulation and that she was capable of frequently handling objects. Pl.'s Mem. Supp. Mot. Summ. J. 7-9, ECF No. 15-1. The ALJ noted, however, that Plaintiff's treating source, Dr. Chambers, opined that she had a normal ability to handle objects. R. at 21, 358. Dr. Chambers also opined that there were no limitations of her hands, arms, or fingers, as she could continuously handle and finger with both hands. R. at 21, 351, 358. The ALJ found, however, that Plaintiff's history of carpal tunnel syndrome supported greater limitations, including manipulative limitations. R. at 22. The ALJ gave little weight to the opinion of Plaintiff's treating provider, Ms. Burns, who opined that she had manipulative limitations, because that opinion was based on her subjective reporting (R. at 22, 508-09, 514-15). *See Craig*, 76 F.3d at 590. Because Plaintiff has not disputed the ALJ's consideration of the various opinions regarding her manipulative limitations, her argument that the ALJ failed to explain his assessment of her ability to perform fine and gross manipulation is without merit.

Plaintiff further contends that the ALJ failed to include any limitation in the RFC assessment related to her bilateral knee osteoarthritis, a severe impairment. Pl.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 15-1. As noted in Part II above, the Commissioner determines at step two of the five-step sequential evaluation process whether the claimant has a medically severe impairment or combination of impairments. "Step two of the sequential evaluation is a

9

threshold question with a de minimis severity requirement." *Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (per curiam). In other words, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Yuckert*, 482 U.S. at 153-54, 107 S. Ct. at 2297-98). Thus, "[t]he findings that the [Commissioner] must make at steps two and four . . . are quite different." *Taylor v. Astrue*, Civil Action No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012). "At step four, on the other hand, the [Commissioner] must look to all the evidence on record and determine more precisely how, if at all, the claimant's impairments limit her ability to work." *Id.* "It is possible, therefore, for [the Commissioner] to find at step two that a claimant's condition is severe—because the medical evidence does not conclusively prove otherwise—and yet at step four find no substantial evidence that the condition actually limits the claimant's ability to work." *Id.* Thus, "an ALJ is not required to include a corresponding limitation for each severe impairment." *Copes v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-11-3487, 2013 WL 1809231, at *1 (D. Md. Apr. 26, 2013).

Here, the ALJ found that Plaintiff's degenerative disc disease with radiculopathy, osteoarthritis of the bilateral knees and shoulders, and bilateral carpal tunnel syndrome "cause more than minimal limitations on [her] ability to perform basic work activities." R. at 17. The ALJ then determined that Plaintiff could perform light work with additional limitations through the date last insured. R. at 18. The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion,'" however. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Although the ALJ found that, through the date last

10

insured, Plaintiff had the RFC to perform light work, he did not explain his conclusion that Plaintiff could actually perform the tasks required by light work, such as standing or walking for six hours in an eight-hour workday, especially in light of Dr. Chambers's opinion regarding her ability to stand and walk in an eight-hour workday (R. at 352) and the VE's testimony regarding the standing and walking required to perform her past relevant work (R. at 47). *See* SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983); *see also Woods*, 888 F.3d at 694. Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further explanation as to Plaintiff's RFC to perform her past relevant work as an office manager. *Thomas v. Berryhill*, __ F.3d __, No. 17-2215, 2019 WL 193948, at *3 (4th Cir. Jan. 15, 2019) (citing *Woods*, 888 F.3d at 694), *as amended* (Feb. 22, 2019).[5]

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 4, 2019                                /s/
                                                   Thomas M. DiGirolamo
                                                   United States Magistrate Judge

---

[5] Plaintiff finally maintains that the ALJ erroneously evaluated her subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 10-12, ECF No. 15-1. Although the Court remands this case on other grounds, on remand "the ALJ should consider not just the *type* of [Plaintiff's] daily activities, but also the *extent* to which she can perform them in assessing her credibility." *Woods*, 888 F.3d at 695.